Gurdeep SINGH, a/k/a John Doe, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70385.
I & NS No. A70–454–299.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2001 *.

Decided Nov. 8, 2001.

Reinhardt, Circuit Judge, filed dissenting opinion.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

There is substantial evidence to support the Board of Immigration Appeals' ("BIA") finding that Singh was not credible and had therefore not borne his burden of proving persecution or fear of future persecution on account of one of the statutory grounds. *See Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995); 8 U.S.C. § 1101(a)(42)(A). There were numerous discrepancies between Singh's application and his testimony before the immigration judge, including ones involving the "heart of the asylum claim" such as details of his torture and purported narrow escape from India. *De Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir. 1997). Singh's trustworthiness was further called into question by the fact he denied having ever been married and denied having previously attempted to immigrate to the United States despite documented evidence to the contrary. *See Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir.1985) (ruling that when petitioner has demonstrated a pattern of dishonesty, there is no reason to give overall testimony weight). Although given an opportunity to explain many of these discrepancies, Singh offered no explanation or became evasive or nonresponsive. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000); *Berroteran–Melendez v. INS* 955 F.2d 1251, 1256 (9th Cir.1992). Singh could have bolstered his testimony with corroborating evidence, such as records of his medical treatment following his torture, but he failed to do so or explain the absence of such evidence. *Chebchoub v. INS*, 257 F.3d 1038, 2001 WL 822795, *5–6 (9th Cir. July 23, 2001). On these facts, we cannot say the record compels the conclusion that the BIA erred in finding Singh's testimony was not credible. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

PETITION DENIED.

REINHARDT, Circuit Judge, dissenting.

I respectfully dissent from the majority disposition because the reasons given by the BIA, upholding the IJ's adverse credibility finding with respect to Singh, do not satisfy this court's criteria for making such a finding.

The mere fact that a petitioner has answered some questions in a manner that the BIA concludes is evasive or dishonest does not justify an adverse credibility finding. Rather, the BIA must set forth "specific cogent reason[s], which are substantial and bear a legitimate nexus to the finding." *Cordon–Garcia v. INS*, 204 F.3d 985, 993 (9th Cir.2000). We will uphold an adverse credibility finding only where alleged inconsistencies or omissions go to the "heart of the claim." *See Chebchoub v. INS*, 257 F.3d 1038 (9th Cir.2001)(finding adverse credibility finding justified because discrepancies went to the "heart of the claim"); *Valderrama v. INS*, 260 F.3d 1083 (9th Cir.2001) (same); *Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000)(same). Also, we are limited in our review of the BIA's decision to the reasons it gives for its decision. *Ernesto Navas v. INS*, 217 F.3d 646, 658 n. 16 (9th Cir.2000) ("[T]his

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court cannot affirm the BIA on a ground upon which it did not rely.").

The BIA sets forth several reasons for concluding that Singh was not credible, but none of the alleged discrepancies goes to the heart of the claim, and most of them were fully explained in Singh's testimony.

First, the BIA stated that Singh did not explain why, if he was indeed a Sikh, he had a Hindu marriage ceremony. There is, however, no evidence in the record that he had a Hindu wedding ceremony. The BIA assumed from the presence of a Hindu wedding certificate that Singh had a Hindu ceremony. It failed, however, to consider Singh's explanation that he did not have a Hindu ceremony and that his marriage was registered in the Hindu register of marriages only because under the law of his state, there was no Sikh register of marriages. Neither the BIA nor the INS attempts to refute this explanation.

Second, the BIA states that there were discrepancies between Singh's testimony and his asylum application with respect to the timing and manner of his departure from India. The application, although poorly written, is wholly consistent with Singh's testimony. In his application, Singh makes two separate statements about two separate incidents, which the BIA erroneously reads together. In his testimony, Singh confirmed that there were two separate incidents: first, that the police went to his parents' home to look for him the day after he moved out; second, that the police tried to apprehend him from the Dehli airport when he did leave the country months later. It is highly unlikely that Singh would have intentionally said that he left the country the day after he was released from jail, because he testified freely at other points during the hearing about staying with other relatives for months following his release.

Third, the BIA finds Singh's testimony to be incredible because, although in his asylum application he related an incident in which he was tortured with a rope, he did not testify to this incident at his hearing. Throughout the hearing the IJ repeatedly cut off Singh's testimony, and stated that he was only to answer the questions asked. Under those circumstances, a denial of asylum cannot properly be based on a failure to mention the rope incident at the hearing.

Fourth, the BIA finds Singh's testimony to have been incredible because he was "nonresponsive" with respect to his prior marriage. However, it may not have been clear to Singh that he was being asked about a *prior* marriage, and it may be for that reason that he kept repeating, "I am not married." The interpreter added to the confusion, as he was unable to translate clearly at many points in the hearing. In any event, Singh's response does not go to the heart of the claim.

Fifth, the BIA erroneously faulted Singh for a lack of corroboration of his membership in the All India Student Sikh Member Federation ("AISSF"). There is nothing in the record that would support the conclusion that AISSF membership records exist. Singh was never asked for such documents, and therefore was never permitted to explain why he did not offer any into evidence. Therefore the absence of these documents cannot properly be held against him.

The remaining alleged falsehood or discrepancy in Singh's testimony is his statement that he had no knowledge of his former wife's alien petition for visa relative filed on his behalf. This testimony, even if false, does not go to the heart of Singh's claim that he is eligible for asylum. A prior attempt to immigrate to the United States is not a bar to asylum relief. Asylum is granted solely on the basis of whether or not an immigrant bears his

burden of proving past persecution and a well-founded fear of future persecution.

Because I conclude that the BIA did not offer specific, cogent reasons for its finding that go to the heart of Singh's claim, I respectfully dissent.